IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jermaine B. Wright, | C/A No.: 8:12-1456-JFA-JDA |
|       Plaintiff, | |
| v. | ORDER |
| Dr. Moore, | |
|       Defendant. | |

The *pro se* plaintiff, Jermaine B. Wright, brings this action pursuant to 42 U.S.C. § 1983 seeking to recover for what he contends is the defendant's deliberate indifference to his serious medical needs. He alleges that he has bone spurs in both heals and torn ligaments in one knee. Conceding that he was initially provided some treatment for these problems, the plaintiff initiated this action contending that the defendant has denied him proper foot wear since December 2010. He seeks money damages, injunctive relief in the form of surgical and non-surgical treatment for his bone spurs and knee, and other appropriate relief. Wright is an inmate with the South Carolina Department of Corrections (SCDC).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should grant the defendant's motion

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

for summary judgment.[2]  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The parties were advised of their right to file objections to the Report and Recommendation and the plaintiff filed timely objections thereto.

The Magistrate Judge carefully canvasses the record of plaintiff's leg and knee problems and provides, in substantial detail, the efforts that the prison officials have made to treat the plaintiff's problems.  Plaintiff's medical records show that he injured his knee in December 2007.  Medical personnel saw him on an emergency basis, administered steroids, issued crutches and a "meal to dorm" pass, and scheduled an x-ray.  No fractures and no acute process were identified in the x-ray.  Over the following months, plaintiff was given Ibuprofen, prescribed physical therapy, and sent to SCDC's orthopaedic physician.  No complaints about plaintiff's feet were noted during this time period.

In January 2009, plaintiff complained that his right foot had been hurting and swollen for weeks.  Medical staff prescribed medication and ordered gel cup inserts for plaintiff's shoes and x-rays of both feet.  The x-rays revealed very small plantar spurs on plaintiff's heels.

Plaintiff did not return to the medical staff with heal complaints until the end of June 2009, when he complained that the gel cup inserts were not helping his feet.  Again, plaintiff was given Ibuprofen and Epsom salt to soak his feet.  Plaintiff was given tennis shoes with

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.  Plaintiff responded to the motion.

shoe inserts to wear instead of standard-issue prison boots.

In May 2010, SCDC's chief medical doctor denied plaintiff's request for an appointment with a podiatrist, concluding that such a visit was not medically necessary. A second set of x-rays of plaintiff's feet taken in May 2010 show plaintiff's heal spurs had not changed in the year and three months since the prior x-rays.

In June 2010, plaintiff again complained about his knee, and over the next year, para-medical staff and the orthopaedic specialist at Kirkland Correctional Institution addressed plaintiff's knee complaints. During this time, the plaintiff was approved for an orthopaedic consult, and the orthopaedist prescribed medicine, physical therapy, and a knee brace. The doctor also recommended plaintiff have a bottom bunk in prison and perform only sedentary work. Defendant concedes that he did not order new shoes at prison expense because he determined that such was not a medical necessity for plaintiff.

On this record, plaintiff contends that the defendant was deliberately indifferent to his serious medical need. After carefully reviewing the pertinent law, the Magistrate Judge suggests that no genuine issue of material fact exists and that the defendant is entitled to judgment as a matter of law on the plaintiff's deliberate indifference claim.

In response to the Report and Recommendation, plaintiff has filed a detailed objection memorandum, challenging statements on virtually every page of the Report. Unfortunately, the objection memorandum is of little assistance to this court in understanding the essence of plaintiff's objections. That is to say, the objection memorandum cites the page of the Report and indicates that the plaintiff disagrees with the Magistrate Judge's statement. For

the most part, the Magistrate Judge's Report draws from information in the medical records on file. Thus, the plaintiff's objection memorandum, though lengthy, has little of any substance which assists this court in understanding the objections the plaintiff has made.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference.

Accordingly, the plaintiff's objections are overruled and the defendant's motion for summary judgment (ECF No. 27) is granted.

IT IS SO ORDERED.

August 23, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge